JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
REPUBLIC OF TURKEY                              : Case No.: 17 cv 3086
                                                :
                          Plaintiff,            :
                                                : **COMPLAINT FOR DECLARATORY**
         v.                                     : **RELIEF, INJUNCTIVE RELIEF,**
                                                : **AND DAMAGES AND DEMAND**
CHRISTIE'S, INC.; and JOHN DOES 1-5,            : **FOR JURY TRIAL**
                                                :
                          Defendants.           :
                                                :
                                                :
------------------------------------------------------------------- x

Plaintiff, the Republic of Turkey ("Turkey" or "Plaintiff"), by its attorneys, Herrick, Feinstein LLP, as and for its complaint (the "Complaint") against defendants Christie's, Inc. ("Christie's") and John Does 1-5 (collectively with "Christie's", "Defendants"), alleges as follows, upon knowledge with respect to itself, its own acts, and certain of the acts of Defendants, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is an action to recover an ancient marble statue, the "Anatolian Marble Female Idol of Kiliya Type" (the "Figure"), also known as "The Guennol Stargazer," 9 in. (22.9 cm) high, dating from c. 3000-2200 B.C.E.

2. The Figure is an extremely rare artifact that is an integral and invaluable part of the artistic and cultural patrimony of The Republic of Turkey. Prior to 1966, the Figure was illicitly removed from Turkey in violation of Turkey's national patrimony law.

3. The Figure is currently in the possession of Christie's in New York, New York, and is designated as Lot 12 of Christie's April 28, 2017 auction.

## THE PARTIES

4. Plaintiff, Republic of Turkey, is a foreign state, as defined in 28 U.S.C. § 1603(a).

5. Upon information and belief, Defendant Christie's is a New York corporation with a principle place of business at 20 Rockefeller Plaza, New York, NY 10020.

6. Upon information and belief, Defendants John Does 1-5 are defendants in this action whose true names are unknown to Plaintiff with addresses in New York, New York.

7. Upon information and belief, Defendants John Does 1-5 are citizens of New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. § 1332, because this is a dispute between a foreign state and citizens of a State, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over the Defendants pursuant to New York CPLR 301 and 302(a) because the Defendants transacted business in New York giving rise to the claims asserted herein.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a), (b) and (c), because Defendant, Christie's, is a corporation located in New York County and the Figure that is the subject matter of this dispute is located in this judicial district.

11. The Court has jurisdiction to grant the relief requested pursuant to 28 U.S.C. §§ 2201(a) and 2202.

## FACTUAL ALLEGATIONS

12. Since at least 1906, Turkey is and has been the owner and entitled to immediate possession of all antiquities situated in and on Turkey's land, including previously

unknown objects. The excavation of such antiquities without license or permission of Turkey is and has been, at all times relevant herein, unlawful. Such antiquities cannot be removed from Turkey.

13. The Figure, "Anatolian Marble Female Idol of Kiliya Type" or "The Guennol Stargazer", is an extremely rare artifact that is an integral and invaluable part of the artistic and cultural patrimony of Turkey

14. The Figure belongs to a Kilia figurine tradition that is distinctive to Anatolia during the Chalcolithic period, c. 3000-2200 B.C.E. Such figures were created in and have only been found in modern times at sites in Anatolia. Anatolia is entirely contained within Turkey's modern boundaries.

15. Upon information and belief, on August 16, 1993, Defendants John Does 1-5 acquired the Figure by purchase, gift, or otherwise from the Merrin Gallery, New York.

16. On or around April 19, 2017, Plaintiff was alerted to the whereabouts of the Figure — that it was in the possession of Christie's, which intended to include the Figure in its April 28, 2017 sale, "The Exceptional Sale 2017" (the "Auction"). Upon information and belief, John Does 1-5 consigned the Figure to Christie's for the purpose of selling the figurine at auction. Upon learning of the impending sale, Turkey immediately contacted Christie's, requesting that the Figure be removed from the Auction.

17. In anticipation of the upcoming Auction, Christie's published a catalogue, which includes a provenance for the Figure:

> Alastair Bradley and Edith Martin, New York, acquired 1966 or prior; thence by descent.
> with the Merrin Gallery, New York, acquired form the above, 1993.
> Acquired by the current owner from the above, 16 August 1993.

18. Although the Figure was created thousands of years ago, c. 3000-2200 B.C.E., no ownership history is provided for the Figure prior to 1966. Upon information and belief, the sites where the Kiliya figures were created and have been found in modern times were looted in the 1960s. The Figure was not from a government approved excavation and was not declared to the proper authorities.

19. Upon information and belief, looted artifacts, such as the Figure, typically enter the market shortly after their illicit excavation and removal from Turkey.

20. Upon information and belief, the Figure was looted from Turkey in the 1960s, at which time it was owned by Turkey pursuant to the 1906 decree on antiquities, which makes all antiquities found in or on the ground in Turkey the property of the government.

21. Christie's auction catalogue includes a description of the Figure, "AN ANATOLIAN MARBLE FEMALE IDOL OF KILIYA TYPE," in a heading using upper case type (i.e. all capital-letter type). In its standard Conditions of Sale, Christie's warrants that property described in a heading, printed in upper case type, and without qualification — such as the description of the Figure — is of the period, culture, *source or origin* described. Christie's has warranted to potential purchasers that the Figure is from Turkey.

22. On April 25, 2017, the Counsel General of the Republic of Turkey and plaintiff's attorneys, Herrick, Feinstein LLP, met with Christie's, and demanded that the Defendants return the Figure, but Defendants failed and refused to deliver the Figure to Plaintiff. Upon information and belief, the Figure remains in the possession of the Defendants through the filing of this Complaint.

4

## FIRST CAUSE OF ACTION
### (For Replevin)

23. Plaintiff repeats and realleges paragraphs 1 through 22 above, as if set forth here in full.

24. Plaintiff is the rightful owner of the Figure, and is thus entitled to recover sole possession of the Figure.

25. The Figure is a unique and irreplaceable art object.

26. Plaintiff has demanded the return of the Figure. Defendants have failed and refused to deliver the Figure to Plaintiff.

27. By virtue of the foregoing, Plaintiff is entitled to the immediate return of the Figure.

## SECOND CAUSE OF ACTION
### (For Injunction - Enjoining Sale of the Figure)

28. Plaintiff repeats and realleges paragraphs 1 through 27 above, as if set forth here in full.

29. Plaintiff is the rightful owner of the Figure, and is thus entitled to recover sole possession of the Figure.

30. The substantial likelihood that the Figure will be purchased by an anonymous buyer at the Auction is not remote or speculative, and is not measurable in money damages.

31. Absent injunctive relief, Plaintiff will suffer irreparable harm.

32. By virtue of the foregoing, Plaintiff and is entitled to a temporary restraining order enjoining Defendants from selling, transferring, pledging, or otherwise alienating or disposing of the Figure during the pendency of this action.

## THIRD CAUSE OF ACTION
### (For Injunction - Directing Return of the Figure)

33. Plaintiff repeats and realleges paragraphs 1 through 32 above, as if set forth here in full.

34. Plaintiff is the rightful owner of the Figure, and is thus entitled to recover sole possession of the Figure.

35. The substantial likelihood that the Figure will be purchased by an anonymous buyer at the Auction is not remote or speculative, and is not measurable in money damages.

36. Absent injunctive relief, Plaintiff will suffer irreparable harm.

37. By virtue of the foregoing, Plaintiff is entitled to a preliminary injunction directing Defendants to immediately deliver the Figure to Plaintiff.

## FOURTH CAUSE OF ACTION
### (For Declaratory Judgment - Declaring Plaintiff the sole owner of the Figure)

38. Plaintiff repeats and realleges paragraphs 1 through 37 above, as if set forth here in full.

39. Plaintiff is the rightful owner of the Figure, and is thus entitled to the immediate possession of the Figure.

40. Plaintiff has demanded the return of the Figure. Defendants have failed and refused to deliver the Figure to Plaintiff.

41. By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to 28 U.S.C. 2201, et seq., declaring Plaintiff the sole owner of the Figure.

## FIFTH CAUSE OF ACTION
### (For Conversion)

42. Plaintiff repeats and realleges paragraphs 1 through 41 above, as if set forth here in full.

43. Plaintiff is the rightful owner of the Figure, and is thus entitled to recover sole possession of the Figure.

44. Plaintiff has demanded the return of the Figure. Defendants have failed and refused to deliver the Figure to Plaintiff.

45. Defendants converted and appropriated the Figure in complete disregard and derogation of the Plaintiff's right, title and interest to the Figure.

46. As a direct and proximate result of the aforesaid wrongful actions, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

a) awarding a declaratory judgment that Plaintiff is the rightful owner of the Figure and is entitled to immediate possession of the Figure;

b) preliminary enjoining Defendants from selling, transferring, pledging, or otherwise alienating or disposing of the Figure during the pendency of this action;

c) directing that Defendants immediately deliver the Figure to Plaintiff;

d) awarding damages for conversion;

e) awarding attorneys' fees, costs, and disbursements to the extent permitted by law; and

  f) awarding such further relief as the Court deems just and proper.

Dated: New York, New York  
   April 27, 2017

Respectfully submitted,

**HERRICK, FEINSTEIN LLP**

By: _____  
Lawrence M. Kaye  
Frank K. Lord IV

2 Park Avenue  
New York, New York 10016  
Tel: (212) 592-1410  
Fax: (212) 592-1500

Attorneys for Plaintiff  
Republic of Turkey

## VERIFICATION

STATE OF NEW YORK )
                                    ss.:
COUNTY OF NEW YORK )

Honorable Ertan Yalcin, being duly sworn, deposes and says:

1. I am Ertan Yalcin. I am authorized to verify this Complaint on Plaintiff's behalf.

2. I have read the foregoing Complaint and know the contents thereof and believe the same to be true to the best of my knowledge, except as to those matters stated to be on information and belief, and as to those matters, I believe it to be true.

_____
Ertan Yalcin

Sworn to before me this
27th day of April, 2017

_____
Notary Public

BARBAROS M. KARAAHMET
Notary Public, State of New York
No. 02KA6066551
Qualified in New York County
Commission Expires November 19, 20 17