UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
REPUBLIC OF TURKEY                                          :     Case No.: 17-Civ. 3086 (AJN)
                                                            :
              Plaintiff,                                  :
                                                            :     **SECOND AMENDED VERIFIED**
     v.                                                      :     **COMPLAINT**
                                                            :
CHRISTIE'S, INC.; and MICHAEL STEINHARDT,                   :
                                                            :
              Claimant-Defendants,                        :
                                                            :
ANATOLIAN MARBLE FEMALE IDOL OF                             :
KILIYA TYPE,                                                :
                                                            :
              Defendant-in-rem.                           :
------------------------------------------------------------ X

        Plaintiff, the Republic of Turkey (the "Republic"), by its attorneys, Herrick, Feinstein LLP, as and for its second amended complaint (the "SAC") against Christie's, Inc. ("Christie's"), Michael Steinhardt ("Steinhardt" collectively with "Christie's," "Claimant-Defendants"), and Anatolian Marble Female Idol of Kiliya Type 9 in. (22.9 cm) high, dating from c. 3000-2200 B.C.E (the "Idol" or "Defendant-in-rem") alleges as follows, upon knowledge with respect to itself, its own acts, and certain of the acts of Claimant-Defendants, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

        1.     This is an in-rem action for declaratory judgment pursuant to 28 U.S.C. 2201, seeking a declaration that Claimant-Defendants have no right, title or interest in the Idol and that all right, title and interest in and to the Idol is vested exclusively in Plaintiff. In addition, this is an action for replevin, injunctive relief, and conversion.

## THE PARTIES

        2.     Plaintiff, the Republic, is a foreign state, as defined in 28 U.S.C.

§ 1603(a), and is the rightful owner of the Idol.

3. Defendant-in-rem, the Idol, is an extremely rare artifact that is an integral and invaluable part of the artistic and cultural patrimony of the people of Turkey. The Idol is currently in the possession of Christie's in New York, New York, and was designated as Lot 12 of Christie's April 28, 2017 auction (the "Auction"). Pursuant to a Stipulated Order dated June 21, 2017, the Idol currently is required to be fully insured and remain in a secure vault at Christie's in New York, and shall not be sold, transferred, pledged assigned or otherwise alienated or disposed of. (Dkt. # 44-1.) The Idol is subject to the claims of the Republic and Claimant-Defendants.

4. Upon information and belief, Claimant-Defendant Christie's is a New York corporation with a principal place of business at 20 Rockefeller Plaza, New York, NY 10020.

5. Upon information and belief, Claimant-Defendant Steinhardt is a resident and citizen of the State of New York, who consigned the Idol to Christie's for auction and sale, and is a sophisticated art and antiquities collector and member of Christie's American Advisory Board.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(4), because this is a dispute between a foreign state and citizens of a State or of different States, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Claimant-Defendants pursuant to New York CPLR 301 and 302(a) because Claimant-Defendants transacted business in this judicial district giving rise to the claims asserted herein.

8. This Court is authorized by Fed R. Civ. P. 4(n), 28 U.S.C. § 1665, and NY

CPLR § 7109(b) to exercise *in-rem* jurisdiction over the Idol, declare that title to the Idol is vested in Plaintiff, and order the Idol's return to Plaintiff.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), (b) and (c) because Christie's is a corporation located in this judicial district, upon information and belief, Steinhardt resides in this judicial district, and the Idol that is the subject matter of this action is located within this judicial district. In addition, Plaintiff's causes of action have a substantial nexus to New York, New York: the Idol itself is currently located in this judicial district; Steinhardt consigned the Idol to Christie's in this judicial district; Christie's auctioned the Idol for sale in this judicial district; the Auction took place in this judicial district; and Christie's, on behalf of Steinhardt, ultimately intends to sell the Idol in this judicial district.

10. The Court has jurisdiction to grant the relief requested pursuant to 28 U.S.C. §§ 1655, 2201(a) and 2202, NY CPLR § 7109(b), and Fed.R.Civ.P. 4(n) and 64.

## FACTUAL BACKGROUND

11. The Idol is unique and irreplaceable, and is an integral and invaluable part of the cultural patrimony and heritage of the Republic and its people.

12. The Idol belongs to a Kiliya figurine tradition that is distinctive to Anatolia during the Chalcolithic period, c. 3000-2200 B.C.E. Kiliya figures were created in Western Anatolia. Anatolia is entirely contained within the modern boundaries of Turkey.

13. Upon information and belief, in or about the early 1960s, the Idol was unlawfully excavated from a site in Turkey and smuggled out of the country.

14. Under the laws of the Republic of Turkey, Plaintiff is, and at all relevant times was, the owner of the Idol and is entitled to possession of the Idol, and the excavation of the Idol was unlawful.

15. Upon information and belief, in or about the early 1960s, the Idol was acquired by Alastair Bradley Martin and Edith Martin (the "Martins") from John J. Klejman's ("Klejman") gallery, the J.J. Klejman Gallery, in New York, New York. Klejman was well known in the industry at that time as a "dealer-smuggler" of stolen antiquities.

16. Upon information and belief, the Martins, Klejman and the J.J. Klejman Gallery knew or should have known at that time that the Martins "purchased" the Idol that it recently was looted from Turkey.

17. Upon information and belief, the Martins "sold" or consigned the Idol to the Merrin Gallery in or about 1993.

18. Upon information and belief, the Merrin Gallery knew or should have known at that time that the Idol had been looted from Turkey.

19. Upon information and belief, the Merrin Gallery "sold" the Idol to Leonard Stern ("Stern") in 1993.

20. Upon information and belief, Stern knew or should have known at that time that the Idol had been looted from Turkey.

21. Upon information and belief, Stern quickly "sold" or otherwise returned the Idol to the Merrin Gallery in 1993.

22. Upon information and belief, on August 16, 1993, Steinhardt acquired the Idol from the Merrin Gallery in New York.

23. Upon information and belief, Steinhardt knew or should have known at that time that the Idol had been looted from Turkey.

24. Steinhardt has been involved with several high profile cases involving allegedly looted antiquities, including *U.S. v. Antique Platter of Gold*, 991 F. Supp. 222

(S.D.N.Y. 1997), *aff'd*, 184 F. 3d 131 (1999), and *United States v. One Triangular Fresco Fragment*, 13 Civ. 06286 (E.D.N.Y.).

25. A 2006 Forbes article quoting Steinhardt states:

> "Ancient art has not appreciated much in value for a long time," says Steinhardt. "It has been under a certain cloud because there are issues of provenance, which have made headlines in the last five-to-10 years and continue to make headlines."
>
> \*\*\*
>
> Steinhardt says the inherent risk in antiquities collecting doesn't intimidate him. "It is a little bit dangerous, but that is what makes it exciting," he says. "But life is filled with risks, isn't it?"

26. Upon information and belief, all "sales" of the Idol were made privately and were not publicized or otherwise made known to Plaintiff at the time of such "sales."

27. Upon information and belief, in or around early 2017, Steinhardt consigned the Idol to Christie's for the purpose of selling the Idol at auction.

28. Christie's catalogue for its scheduled April 28, 2017 auction, publicly referred to as, "The Exceptional Sale 2017," (the "Auction"), includes a description of the Idol as "AN ANATOLIAN MARBLE FEMALE IDOL OF KILIYA TYPE," in a heading using upper case typeset. In its standard Conditions of Sale, Christie's warrants that property described in a heading, printed in upper case type, and without qualification — such as the description of the Idol — is of the period, culture, *source or origin* described. Christie's has warranted to potential purchasers that the Idol originated in Turkey.

29. The Auction catalogue also includes a provenance for the Idol:

> Alastair Bradley and Edith Martin, New York, acquired 1966 or prior; thence by descent.

> with the Merrin Gallery, New York, acquired from the above, 1993.
> Acquired by the current owner from the above, 16 August 1993.

30. On or about March 26, 2017, Plaintiff was alerted that the Idol was in the possession of Christie's, and that Christie's intended to include the Idol in its Auction.

31. After learning of the impending auction and sale and investigating the matter, Plaintiff promptly contacted Christie's, and demanded that the Idol be removed from the Auction and returned to Plaintiff.

32. On April 25, 2017, the Consul General of the Republic of Turkey and Plaintiff's attorneys, Herrick, Feinstein LLP, met with Christie's and demanded that Christie's and Steinhardt return the Idol, but Christie's and Steinhardt failed and refused to deliver the Idol to Plaintiff. Upon information and belief, the Idol remains in the possession of Christie's through the filing of this SAC.

33. On April 28, 2017, Christie's held the Auction offering the Idol for sale. At the Auction there was a "high bidder" (the "Undisclosed Bidder"), who offered the highest price at the Auction to "purchase" the Idol.

34. On May 26, 2017, Plaintiff moved the Court for a preliminary injunction seeking an Order enjoining Claimant-Defendants from selling, transferring, pledging, or otherwise alienating or disposing of the Idol, and requiring maintenance of the Idol in New York State until further Order of the Court pursuant to NY CPLR 7109(a), Fed.R.Civ.P. 64 and 65.

35. Upon information and belief, the "sale" to the Undisclosed Bidder has not been consummated and the Undisclosed Bidder informed Christie's that it no longer intends to consummate the sale of the Idol.

36. On June 21, 2017, the Court issued, a Stipulated Order pursuant to which,

6

among other things: (i) Plaintiff withdrew its motion for a preliminary injunction; (ii) the Idol is required to be fully insured and shall remain in a secure vault at Christie's in New York, and shall not be sold, transferred, pledged assigned or otherwise alienated or disposed of, except under certain circumstances explained below; (iii) if Christie's secures another "buyer" for the Idol, Christie's must provide Plaintiff with written notice and may not consummate any sale of the Idol for ten (10) business days during which Plaintiff shall have the right to renew its motion for preliminary injunction; (iv) if Plaintiff renews its motion, Christie's, on behalf of itself and Steinhardt, may not sell, transfer, pledge, assign or otherwise alienate or dispose of the Idol pending the final disposition of Plaintiff's motion (including any appeals); and (v) if Plaintiff does not renew its motion, Christie's, on behalf of itself and Steinhardt, may not assert any defense based on Plaintiff not seeking to prevent the consummation of the sale. Dkt. # 44-1. The Stipulated Order also makes clear that Plaintiff's decision to withdraw its motion (and any future decision not to renew its motion) shall not impact, in any way, Plaintiff's current or future claims, rights or defenses, and shall not prohibit Plaintiff from seeking injunctive relief in the future. *Id.*

### FIRST CLAIM FOR RELIEF
(For Declaratory Judgment - Declaring that all right, title and interest in and to Defendant-in-rem is vested in Plaintiff, and that Claimant-Defendants have no right, title or interest in Defendant-in-rem)

37. Plaintiff repeats and realleges paragraphs 1 through 36 above, as if set forth here in full.

38. Plaintiff is the rightful owner of Defendant-in-rem, and is thus entitled to the immediate possession of Defendant-in-rem.

39. Plaintiff has demanded the return of Defendant-in-rem. Claimant-Defendants have failed and refused to deliver Defendant-in-rem to Plaintiff.

40. Claimant-Defendants' express claim of title to and or right to possess the Idol, creates an actual controversy with Plaintiff over the ownership of the Idol.

41. By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to 28 U.S.C. 1655 and 28 U.S.C. 2201, et seq., declaring that all right title and interest in and to Defendant-in-rem is vested in Plaintiff, and that Claimant-Defendants have no right title or interest in Defendant-in-rem.

### SECOND CLAIM FOR RELIEF
(For Replevin)

42. Plaintiff repeats and realleges paragraphs 1 through 41 above, as if set forth here in full.

43. Plaintiff is the owner of the Idol, and entitled to recover sole and immediate possession of the Idol.

44. The Idol is a unique and irreplaceable part of the Republic's cultural heritage.

45. Plaintiff has demanded the return of the Idol. Claimant-Defendants have failed and refused to deliver the Idol to Plaintiff.

46. Plaintiff has no adequate remedy at law.

47. By virtue of the foregoing, Plaintiff is entitled to the immediate return of the Idol.

### THIRD CLAIM FOR RELIEF
(For Conversion)

48. Plaintiff repeats and realleges paragraphs 1 through 53 above, as if set forth here in full.

49. Plaintiff is the owner of the Idol and entitled to recover sole and

50. immediate possession of the Idol.

51. Plaintiff has demanded the return of the Idol. Claimant-Defendants have failed and refused to deliver the Idol to Plaintiff.

52. Claimant-Defendants converted and appropriated the Idol in complete disregard and derogation of the Plaintiff's right, title and interest to the Idol.

53. As a direct and proximate result of the aforesaid wrongful actions, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Claimant-Defendants and Defendant-in-rem as follows:

a) awarding a declaratory judgment that all right title and interest in and to Defendant-in-rem is vested in Plaintiff, and that Claimant-Defendants have no right title or interest in Defendant-in-rem;

b) directing the return of the Idol to Plaintiff;

c) awarding damages for conversion;

d) awarding attorneys' fees, costs, and disbursements to the extent permitted by law; and

e) awarding such further relief as the Court deems just and proper.

Dated: New York, New York  
      June 23, 2017

Respectfully submitted,

**HERRICK, FEINSTEIN LLP**

By:     /s Lawrence M. Kaye  
Lawrence M. Kaye  
Frank K. Lord IV  
Jason A. D'Angelo  
2 Park Avenue  
New York, New York 10016  
Tel: (212) 592-1410  
Fax: (212) 592-1500  
*Attorneys for Plaintiff Republic of Turkey*

## **VERIFICATION**

STATE OF NEW YORK )
                                  ss.:
COUNTY OF NEW YORK )

Honorable Ertan Yalcin, being duly sworn, deposes and says:

1. I am Ertan Yalcin. I am authorized to verify this First Amended Complaint on Plaintiff's behalf.

2. I have read the foregoing Second Amended Complaint and know the contents thereof and believe the same to be true to the best of my knowledge, except as to those matters stated to be on information and belief, and as to those matters, I believe it to be true.

_____
Ertan Yalcin

Sworn to before me this
23rd day of June, 2017

_____
Notary Public

JONATHAN W. SKIDMORE
Notary Public, State of New York
No. 4974040
Qualified in Nassau County
Commission Expires November 3, 2008

10