USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Republic of Turkey,

          Plaintiff,

-against-

Christie's, Inc., et al.,

          Defendants.

1:17-cv-03086 (AJN) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a Letter Motion (ECF No. 145) by the defendants, Christie's, Inc. ("Christie's") and Michael Steinhardt (collectively, the "Defendants"), seeking to compel Plaintiff, the Republic of Turkey (the "Republic" or "Plaintiff"), to make Zeynep Boz and Gokhan Bozkurtlar (both of whom are employees of the Turkish Ministry of Culture and Tourism) available for supplemental depositions in New York, and a cross-motion by the Republic for a protective order setting the manner, duration and scope of the requested depositions. (ECF No. 147.) For the following reasons, Defendants' Letter Motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's cross-motion is DENIED.

**BACKGROUND**

This is an action by the Republic to recover an Anatolian Kiliya-Type Idol, an extremely rare artifact currently in the possession of Christie's, which the Republic contends was illicitly removed from the Republic. On August 20, 2018, this Court granted Defendants' motion to compel a supplemental deposition of Ms. Boz regarding settlement negotiations between the Republic and Bowling Green State University ("Bowling Green") for the return of a Roman mosaic.

(Opinion and Order, ECF No. 142, at 3, 9-10.) However, the Republic refused to make Ms. Boz available for that deposition in New York, where she previously was deposed. (Defs.' Letter Motion at 1.) Instead, the Republic offered to produce Ms. Boz for a continued deposition by videoconference from Turkey for one hour. (*See id.*; Pl.'s Letter Response at 3.) Defendants did not agree to take the deposition testimony by videoconference because their ability to observe Ms. Boz's demeanor would be handicapped, and because of the difficulties in taking such testimony that were encountered during Ms. Boz's prior deposition by the participation of interpreters and the managing of foreign language and translated exhibits. (*See* Defs.' Letter Motion at 1-2.)

Mr. Bozkurtlar also previously testified at a deposition in New York. During his deposition, the Republic's counsel directed Mr. Bozkurtlar not to answer several questions based upon the attorney-client privilege and work product doctrine. (Defs.' Letter Motion at 2.) Thereafter, the Republic agreed to permit him to answer the questions, but offered to provide such answers via a sworn declaration. Alternatively, the Republic offered to produce Mr. Bozkurtlar for a continued deposition by videoconference from Turkey for one hour and twenty-two minutes (the remainder of the allotted seven hours of time available from his prior deposition). (Pl.'s Letter Response at 2-3.) Defendants refused to accept a sworn declaration since they would not have "the ability to ask follow-up and clarification questions," and thus seek to have Mr. Bozkurtlar appear for a supplemental deposition in New York. (Defs.' Letter Motion at 2-3.)

Since the deposition of Mr. Bozkurtlar on April 11, 2018, the last deposition of a Republic witness to be taken, the Republic has produced almost 9,000 additional pages of documents.[1] (Defs.' Letter Motion at 3.) Over 5,500 of those pages were produced in connection with the Defendants' amended counterclaims. Included among the balance of pages produced were documents on which the Republic may rely at trial and a small number of documents "based on Plaintiff's continuing discovery obligations." (Pl.'s Letter Response at 3.) As part of their Letter Motion, Defendants seek to ask Ms. Boz and Mr. Bozkurtlar questions about the documents produced since April 11. (Defs.' Letter Motion at 3.) The Republic opposes, arguing that if the Court permits questions regarding these additional documents, "the time should be severely limited." (Pl.'s Letter Response at 3.)

Defendants filed their Letter Motion on September 6, 2018, in which they seek "half-day supplemental depositions" of Ms. Boz and Mr. Bozkurtlar. (Letter Motion at 3.) On September 7, 2018, the Court entered an Order, which provided in relevant part, as follows:

> Plaintiff shall respond to the Letter Motion (ECF No. 145) no later than Tuesday, September 11, 2018. If Plaintiff contends that it is an undue burden to produce its witness or witnesses in New York (where Plaintiff filed this case) for deposition, then it shall include as part of its response proof by way of affidavit or declaration, setting forth with particularity facts regarding such burden. Such affidavit(s) or declaration(s) also shall set forth with particularity facts regarding the burden, if any, that would be imposed upon Plaintiff by having these depositions held in London.
>
> Defendants shall reply with regard to the subject Letter Motion no later than Wednesday, September 12, 2018. If Defendants contend that it would be an undue burden to hold the depositions in London (as opposed to New York), they shall include as part of their reply proof by way of declaration or affidavit, setting forth with particularity facts regarding such burden (for example, contrasting the

---

[1] In addition, in a letter submitted to the Court on September 12, 2018, the Republic advised that it has additional documents to produce. (Pl.'s 9/12/18 Ltr., ECF No. 148, at 1, 4.)

cost-differential, if any, for Defendants' counsel to travel from Washington, D.C. to London, instead of New York).

(9/7/18 Order, ECF No. 146, at 1-2.) The Republic filed its response and cross-motion on September 11, 2018, but failed to submit any affidavits or declarations. (*See* ECF No. 147.)

Defendants filed their reply on September 12, 2018. Their reply was compliant with the Court's September 7 Order, and included a Declaration from Thomas R. Kline which set forth the cost differential of holding the two depositions of Republic witnesses in London instead of New York. (Defs.' Letter Reply, ECF No. 149.)

On September 13, 2018, the Republic filed a letter stating that it failed to file a declaration pursuant to the September 7 Order due to an "oversight" (ECF No. 150), and also belatedly filed a Declaration from Patricia M. Graham stating, *inter alia*, that Ms. Boz and Mr. Bozkurtlar have new supervisors in their employment for the Republic and that "[t]he sheer travel time from Turkey to New York adds to the burdensomeness of the requested depositions." (Graham Decl., ECF No. 151, ¶¶ 5-6.)

The Court held oral argument by telephone on September 13, 2018.

## DISCUSSION

I. **Legal Standards**

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)). Further, courts "retain substantial discretion to determine the site of a deposition." *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 178 (S.D.N.Y. 2017) (citations omitted).

"As a general rule, a plaintiff will be required to make [itself] available for a deposition in the forum where [it] brought suit. However, this is not an absolute rule, and courts must strive to achieve a balance between claims of prejudice and those of hardship." *Packard v. City of New York*, 100 Fed. R. Serv. 3d 1623, 2018 WL 3019111, at *2 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that a court on motion may order that a deposition be taken "by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Holding a deposition by videoconference is 'frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.'" *Alpha Capital*, 323 F.R.D. at 179 (citation omitted). Nonetheless, "courts in the Second Circuit have noted that 'concern about not being able to see Plaintiff's demeanor or observe what documents are present and being reviewed are valid factors considered' by courts." *Petaway v. Osden*, Case No. 3:17-CV-00004 (VAB), 2018 WL 1168581, at *3 (D. Conn. Mar. 5, 2018).

With respect to the duration of a deposition, Rule 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Rule 26(b)(2)(A) provides in relevant part: "By order, the court may alter the limits in these rules . . . on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A). "Although courts enjoy broad discretion in regulating the deposition process under Rule 26(b)(2)(A), courts must allow additional time when necessary for the deponent to

5

be fairly examined." *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, Case No. 06-CV-6198 (LAK) (JCF), 2009 WL 72441, at *4 (S.D.N.Y. Jan. 7, 2009).

With respect to the Republic's cross-motion for a protective order, Federal Rule of Civil Procedure 26(c) allows a court, for "good cause" and in favor of "any person from whom discovery is sought," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. 'To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citations omitted).

As with any discovery-related issue, proportionality is an overarching concern. Rule 26 tasks the Court with considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

II. **Application**

  A. **Location Of Depositions**

The Court finds that departure from the general rule requiring Plaintiff to appear for deposition in New York, the forum where it brought suit, is appropriate here. The Republic will face hardship if the depositions are held in New York because of the distance its witnesses would have to travel. The Republic notes that the flight time from Ankara to New York is over 14 hours.

(Graham Decl. ¶ 6.) Moreover, each of the witnesses already has appeared once in New York for deposition, with the burdens attendant thereto.

On the other hand, holding the depositions by videotape from Turkey would unduly prejudice the Defendants. Defendants have expressed valid reasons for not wanting to hold the depositions by videotape, including the complexities of having two interpreters[2] and foreign language documents involved.

Under the circumstances, the Court finds in its discretion that holding the depositions in a suitable alternative forum (*i.e.*, London) best balances Plaintiff's claims of hardship with Defendants' claims of prejudice. Holding the depositions in London will reduce the travel burden on the Republic's witnesses,[3] and allow Defendants to conduct in-person depositions. However, the Court finds that the Republic should bear some of the costs that will be incurred by Defendants in utilizing the alternative forum. The supplemental depositions are required in part due to the Republic's witnesses' refusal to answer certain questions at deposition. However, the Defendants also share some responsibility, since they failed to contemporaneously raise these issues with the Court. Thus, the Court will not impose upon the Republic the full excess costs of holding the depositions in London.

The Court hereby orders that Ms. Boz and Mr. Bozkurtlar shall each appear in London for deposition on the same day, and that the Republic pay the sum of $4,000 to the Defendants to

---

[2] During oral argument, counsel for Defendants disclosed that the Republic utilized so-called "check" interpreters to ensure that the deposition questions and answers are being translated fairly. Thus, there were two interpreters at each deposition.

[3] Travel to London instead of New York would reduce the flight time by nearly half.

offset some of their cost of having the depositions in London, rather than New York.[4] Alternatively, if the Republic chooses to do so, it may consent to holding the depositions in New York, in which case no payment is necessary.

## B. Scope Of Depositions

At her deposition, Ms. Boz shall testify about the Bowling Green settlement negotiations, and at his deposition, Mr. Bozkurtlar shall answer the questions that were previously agreed to by the parties.[5] In addition, the Defendants may question the two Republic witnesses about any documents produced after April 11, 2018. The Court finds that the documents are relevant to the claims and/or counterclaims asserted in this case, and there is no reason why Defendants should be precluded from asking the witnesses about such documents.

## C. Length Of Depositions

The Court finds that, in order for the witnesses to be fairly examined regarding the topics set forth above, including the documents produced by the Republic after April 11, each witness must be produced for an additional three and one-half hours of deposition. In making this finding, the Court is mindful of the additional time it takes for translation during depositions. *See* Fed. R. Civ. P. 30, Advisory Committee Notes—2000 Amendment ("Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination."); *see also Beach Mart, Inc. v. L & L Wings, Inc.*, Case No. 2:11-CV-44-F, 2013 WL 1122833, at *1

---

[4] The $4,000 payment is based upon a portion of the estimated $16,000 in excess costs to Defendants of having the depositions held in London, rather than New York. (*See* Kline Decl., ECF No. 149-1, ¶ 11.)

[5] *See* Pl.'s Letter Response at 2 ("There is no disagreement as to the additional questions.").

(E.D.N.C. Mar. 18, 2013) (in deposition where foreign language interpreter was used, court allowed two hours beyond the seven hours set under Fed. R. Civ. P. 30(d)(1) to take deposition).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Letter Motion, and DENIES Plaintiff's cross-motion. It is hereby ORDERED that Ms. Boz and Mr. Bozkurtlar shall each appear in London for deposition on the same day on the topics as set forth above, and that the Republic pay the sum of $4,000 to the Defendants. Alternatively, if the Republic chooses to do so, it may consent to holding the depositions in New York.

**SO ORDERED**.

Dated: New York, New York
September 13, 2018

_____
**STEWART D. AARON**
**United States Magistrate Judge**