UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Republic of Turkey,

                            Plaintiff,

     -against-

Christie's Inc. et al,

                           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/2018

1:17-cv-3086 (AJN) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Presently before the Court is Plaintiff's Letter Motion seeking an Order: 1) directing defendant Michael Steinhardt ("Steinhardt") to produce unredacted copies of documents whose production was previously ordered by this Court via Order on May 14, 2018 (ECF No. 106); and 2) directing Defendants Christie's and Steinhardt (collectively, "Defendants") to designate as "confidential" only those portions of deposition transcripts that actually contain confidential information, rather than so designating entire transcripts. (ECF No. 159.)[1]

    Plaintiff's motion is GRANTED. Regarding the first issue, unilateral redactions based on one party's subjective view of relevancy are improper. *See Cyris Jewels v. Casner*, No. 12-CV-1895 (KAM) (SLT), 2016 WL 2962203, at *4-5 (E.D.N.Y. May 20, 2016) (finding "there is no right to make substantive unilateral redactions" based on relevancy). Regarding the second issue, there is a protective order in place (with three different levels of designations) to protect any confidential and/or sensitive information. (*See* Stipulated Protective Order, ECF No. 78.) The Stipulated

---

[1] In deciding the pending discovery dispute, the Court also considered Defendants' Letter Response (ECF No. 161) and Plaintiff's Letter Reply. (ECF No. 162.)

Protective Order provides that all depositions and transcripts thereof shall be "treated as Confidential Information" for a period of thirty days after each deposition transcript is received by counsel of each party, after which "the deposition shall be classified appropriately by notifying all of the parties in writing of the specific pages and lines of the transcript which should be treated as Confidential Information[.]" (Stipulated Protective Order at ¶ 10.)

Therefore, for these reasons, IT IS HEREBY ORDERED that Steinhardt shall produce unredacted copies of those documents produced in accordance with this Court's 5/14/18 Order, and that, in accordance with the Stipulated Protective Order, Defendants shall designate as confidential only those specific pages and lines of depositions, and not entire transcripts, that are confidential. In making their designations, the Court refers Defendants to paragraph 9 of the Stipulated Protective Order, which states in relevant part "[t]he Producing Party shall at all times carry the initial burden of establishing that the contested information merits a 'Confidential [or other]' designation."

**SO ORDERED.**

DATED:    New York, New York
          October 3, 2018

_____
STEWART D. AARON
United States Magistrate Judge