

**VIA ECF**

April 23, 2020

The Honorable Alison J. Nathan, U.S. District Court Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Republic of Turkey v. Christie's Inc., et al.,* Case No. 17-cv-3086

Dear Judge Nathan:

Pursuant to Section 4.B. of the Court's Individual Practices in Civil Cases, Defendants submit this letter-motion to request that certain trial exhibits and deposition designations be kept confidential and sealed for trial. The parties met and conferred regarding confidentiality of trial exhibits and deposition designations via telephone on February 26, 2020. Plaintiff stated it does not oppose, but does not consent to, Defendants' request.

Defendants appreciate the importance of public access to judicial documents, particularly at trial, and recognize the corresponding consideration that sealing requests be made sparingly. However, even at trial, "documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006). Accordingly, Defendants respectfully request that the Court seal the limited number of documents and portions of deposition testimony[1] listed in Exhibits A and B hereto.

**I.  Transactions and Objects Unrelated to the Stargazer Idol[2]**

Defendants request that the Court seal documents and deposition testimony regarding Steinhardt's collecting practices, including removing from public inspection information about unrelated objects and also materials from unrelated government proceedings (Ex. A). Sealing these documents and deposition excerpts at trial is appropriate because (1) these are the types of documents concerning a private collection ordinarily expected to be kept private, and disclosure

---

[1] In addition to following the Court's procedures for designating portions of deposition testimony to be proffered as evidence at trial, Plaintiff also listed five entire deposition transcripts on its exhibit list (PTX 148 & 277-280). Accordingly, Defendants have listed confidentiality requests in Exhibits A and B hereto with respect to *both* Plaintiff's designations and the entire transcripts. Defendants will move separately to preclude the filing of the five transcripts.

[2] Defendants intend to file a motion *in limine* to contest the admissibility of these documents and deposition testimony. Should the Court grant that motion, this Section I of Defendants' request to seal will become moot.

of which would expose Steinhardt to security risks and public scrutiny of his private affairs beyond what is necessitated by this case; and (2) the documents and deposition testimony are not relevant to any claims or defenses. Defendants also move to seal certain language used in the document descriptions on Plaintiff's exhibit list (Ex. C to Joint Pretrial Report) which likewise reveals confidential details regarding Steinhardt's collection unrelated to the Stargazer Idol.[3]

Steinhardt has a significant privacy interest in maintaining the confidentiality of documents broadly concerning his collection and unrelated to the Stargazer Idol. The materials listed on Exhibit A reflect the size and value of his antiquities collection, the identification of specific objects in it, and the procedures and practices he uses in maintaining records of his collection. The records of private art collectors are not traditionally public information, and are carefully protected for safety and security reasons. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public."). Release of these documents and testimony may expose Steinhardt to security risks by informing the public of the description, value, size, and location of his antiquities. *See United States v. Cohen*, 366 F. Supp. 3d 612, 624 (S.D.N.Y. 2019) (Pauley, J.) ("Courts must also weigh the 'nature and degree of injury'"). Under this standard, Steinhardt's privacy interests in his collection outweigh the benefits of public access.

In addition, the materials listed in Exhibit A have *no connection whatsoever* to Steinhardt's decision to purchase the Stargazer Idol almost 30 years ago. *PDV Sweeny, Inc. v. ConocoPhillips Co.*, 14 Civ. 5183, 2014 U.S. Dist. LEXIS 142034, at *7 (S.D.N.Y. Oct. 6, 2014) (Nathan, J.) (noting documents' "limited relevance to the dispute before the Court" in ruling that "some redaction is appropriate with respect to portions… that are not at issue in this proceeding"). *Cf. Thevenin v. City of Troy*, 16 Civ. 1115, 2019 U.S. Dist. LEXIS 134272, at *5 (N.D.N.Y. Aug. 9, 2019) (Stewart. M.J.) (report that "critically deal[t] with events that [were] central to the litigation" could not be sealed).

## II. Christie's Confidential Business Practices and Trade Secrets[4]

Defendants request that the Court seal proposed exhibits relating to Christie's confidential business practices and trade secrets (Ex. B). Publicizing these materials would adversely impact Christie's competitive position by giving competitors access to its confidential business practices and trade secrets.

The Seller's Agreement and amendments thereto (PTX 267-270), which Christie's does not share with the public, reveal confidential business terms as negotiated with a particular client. As such, it is an individualized, bespoke Agreement. Accordingly, revealing it could harm Christie's relationships with other current and potential clients. *See Alexander Interactive, Inc. v. Adorama,*

---

[3] In Exhibit A hereto, Defendants have used the proposed redacted exhibit descriptions. Plaintiff has agreed to use those redacted exhibit descriptions in the Joint Pretrial Report, subject to the Court's ruling on this letter-motion.

[4] Defendants' request to seal these materials is consistent with their request made in connection with summary judgment. Dkt ##275-276. *See also* Decl. of S. Cobden, Oct. 11, 2019 (under seal).

Letter to The Honorable Alison J. Nathan
April 23, 2020
Page 3 of 3

*Inc.*, 12 Civ. 6608, 2014 U.S. Dist. LEXIS 122732, at *6-7 (S.D.N.Y. Sept. 2, 2014) (Francis, M.J.) (sealing non-public information concerning Samsung's relationship with a dealer-customer, including "pricing, credit, and termination terms, which, if made public, could adversely [a]ffect Samsung's relationships with other dealer-customers").

Christie's functions in a competitive environment and publicizing this document could also impact Christie's competitive position. *See Integrated Cash Mgmt. Servs. v. Digital Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir. 1990) (citation omitted) ("'A trade secret may consist of any… compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'"). Given the intense competition among the major auction houses and high-level dealers, public disclosure of this information "'may provide valuable insights into [Christie's] current business practices that a competitor would seek to exploit.'" *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (Preska, J.) (citation omitted) (allowing redaction of "advertising expenditures and plans," "merchandising strategies, polic[i]es and sales," and "enforcement policies and investigation information").

Moreover, the Agreement contains a confidentiality provision. This measure is intended to guard the secrecy of the Agreement and supports treating the Agreement as a trade secret. *See Integrated Cash Mgmt.*, 920 F.2d at 173 (one factor to be considered in determining whether a trade secret exists is "the extent of measures taken…to guard the secrecy of the information").

Finally, Defendants do not dispute that Steinhardt consigned the Stargazer Idol to Christie's. The terms of that consignment, however, are not relevant to title or right to possession of the Stargazer Idol, or to Defendants' laches defense. The irrelevance of the Agreement to the parties' claims and defenses lessens the weight of the presumption of access. *PDV Sweeny*, 2014 U.S. Dist. LEXIS 142034, at *6-7 (sealing "sensitive commercial information" that is "of limited relevance" and that "play[s] a more tangential role in the dispute").

Respectfully submitted:

 */s/ Thomas R. Kline*
Thomas R. Kline, Counsel for Defendants

Enclosures (2)