UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Republic of Turkey,

                Plaintiff,

–v–                   17-cv-3086 (AJN)

Christie's Inc., *et al.*,        ORDER

                Defendants.

ALISON J. NATHAN, District Judge:

      On September 30, 2019, the Court issued an Order providing the bottom line of the Court's resolution of the parties' motions for summary judgment and Plaintiff's motions to exclude expert testimony. Dkt. No. 268. The Court filed the underlying Opinion and Order under temporary seal in order to permit the parties to propose and justify any redactions to the Opinion and Order.[1] *See id.* In addition, the Court denied the parties' requests to seal various documents filed in association with their motions but allowed them an opportunity to resubmit narrowly tailored and appropriately justified proposed redactions and sealing.

      Following that Order, the parties submitted a number of requests. *First*, Plaintiff submitted an application to redact limited portions of Dkt. Nos. 220, 221-4, and 240. *See* Dkt. No. 278. Defendants neither consent to nor oppose this request. *Id.* at 1. *Second*, Defendants, submitted an application to redact limited portions of Dkt. Nos. 195-4; 198; 220; 221-1; and 240. *Third*, Defendants have also requested that Dkt. No. 226-6 be maintained under seal. Plaintiff declines to consent to Defendants' redaction requests, and it states that it neither consents nor objects to Defendants' request that Dkt. No. 226-6 be maintained under seal. *See* Dkt. No. 276.

---

[1] The unredacted Opinion and Order was subsequently unsealed. *See* Dkt. No. 285.

1

*Fourth*, Defendants request permission to file their sealing application with redactions, and they also request that Exhibits A–C to their application be maintained under seal.

With respect to the parties' motion papers, their proposed sealing and redactions are generally in line with the applicable standard in this Circuit for filing under seal, as articulated in *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). As discussed in the Court's underlying Opinion and Order, the documents at issue are "judicial documents" to which a "strong presumption of access attaches." *Id.* at 120–21. However, the parties have made a sufficient showing of countervailing factors to outweigh the presumption of access to the material they seek to redact or have maintained under seal. Specifically, for the redacted portions, the parties' and third parties' privacy interests outweigh the "value of such information to those monitoring the federal courts." *Id.* at 119; *see also* Dkt. Nos. 276 at 1–2; Dkt. No. 278 at 1–2 (providing justification for proposed redactions). Thus, Plaintiff's request for permission to redact limited portions of Dkt. Nos. 220, 221-4, and 240, *see* Dkt. No. 278, is hereby granted. For the same reasons, the Court grants Defendants' request for permission to redact limited portions of Dkt. Nos. 195-4; 198; 220; 221-1; and 240.

As for the sealed document, Defendants' interest in their sensitive commercial information outweighs the value of this information to those monitoring the courts. *See* Dkt. No. 276 at 2–3 (providing justification for proposed sealing). Defendants' request to maintain Dkt. No. 226-6 under seal is therefore also granted.

However, the Court denies Defendants' request to file their sealing application with redactions and to maintain Exhibits A-C under seal, *see* Dkt. No. 275. Defendants' requests do not comply with the Court's Individual Rules in Civil Cases. Pursuant to Rule 4.B, parties are instructed to file motions for approval of sealed or redacted filings "in public view" without

"confidential information sought to be filed under seal." It further provides that supporting papers may be filed under seal or redacted "only to the extent necessary to safeguard information sought to be filed under seal." Defendants' sealing application does not comply with this Rule; instead, Defendants' sealing application includes myriad confidential information—information they now seek to redact, in contravention of Rule 4.B. Because Defendants' sealing application and attached exhibits do not comply with this Rule, Defendants' request to file their application with redactions and attached exhibits under seal is DENIED. The Court will, however, permit Defendants to re-file a sealing application after removing all confidential information.

The Court hereby GRANTS the parties' motions to seal with respect to all proposed redactions and sealing of motion papers. No later than one week from the date of this Order, the parties shall file on the public docket all motion papers related to parties' motions for summary judgment and Plaintiff's motions to exclude expert testimony, with redactions as approved in this Order, except for those documents for which the Court approved continued sealing. At that time, the parties shall also file unredacted copies of all documents redacted or under seal on ECF. The Court DENIES Defendants' request to file their sealing application with redactions and that Exhibits A–C to their application be maintained under seal. Within one week of the date of this Order, Defendants shall refile their motion to seal without any confidential information sought to be filed under seal. To the extent they seek sealing of supporting papers, they shall explain why such sealing is necessary to safeguard information sought to be filed under seal.

This Order resolves Dkt. Nos. 276 and 278.

SO ORDERED.

Dated: September 11, 2020
      New York, New York

                                              ALISON J. NATHAN
                                             United States District Judge