



**Lawrence M. Kaye**
Partner
Phone: 212.592.1410
Fax: 212.545.3331
lkaye@herrick.com

March 26, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court (S.D.N.Y.)
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Republic of Turkey v. Christie's, Inc., et al.*, 17 Civ. 3086 (AJN)

Dear Judge Nathan:

Plaintiff respectfully submits this letter motion requesting clarification of Your Honor's Order of March 22, 2021 (the "Order") (Dkt #417). We are mindful of the Court's admonition against submitting further papers on the motions that are the subject of the Order. This letter is not intended to further brief those motions; nor is it intended to challenge or object to the Court's decision on those motions. Rather, we request clarification of an issue that will arise at trial. We are writing now hopefully to expedite a resolution of the issue and to avoid any unnecessary interruptions at trial.

New York courts have long followed a balancing of the equities test to determine whether the plaintiff's claim should be rejected because of laches:

> …defendant's vigilance is as much in issue as plaintiff's diligence, which is another reason why we characterize the defense urged here as laches. The reasonableness of both parties must be considered and weighed.

*Solomon R. Guggenheim Found. v. Lubell,* 153 A.D. 2d 143, 152 (1st Dept. 1990), *aff'd*, 77 N.Y.2d 311 (1991). The New York Court of Appeals upheld this balancing test, noting that "the conduct of both the appellant and the museum [appellee] will be relevant to any consideration of this defense at the trial level, and as the Appellate Division noted, prejudice will also need to be shown." *Guggenheim,* 77 N.Y.2d at 321.

Your Honor noted in the Order that there is no affirmative duty on the part of a non-merchant collector "to investigate provenance prior to purchasing an antiquity," and that Defendant Steinhardt cannot be held to the higher standard applicable to dealers. (Order at 5) But in applying the *Guggenheim* test, an investigation or the lack of an investigation by non-merchant good faith purchasers (like the Lubells) is a factor that is relevant to the determination of whether the purchaser was sufficiently vigilant to outweigh the owner's alleged lack of diligence. The

The Honorable Alison J. Nathan
United States District Court (S.D.N.Y.)
March 26, 2021
Page 2

Appellate Division in *Guggenheim* specifically noted that in formulating the "balancing test, it was expressly commenting on the plaintiff's argument that it was the defendant's "failure to investigate obvious red flags," and "not its [plaintiff's] own ostensible lack of diligence, that led to defendant's purchase of the gouache" at issue there. *Guggenheim,* 153 A.D.2d at 152.

The Court of Appeals affirmed the order of the Appellate Division and noted that in determining whether the equities favor either party, the fact that the good faith purchaser investigated the provenance of the gouache before the purchase would be a relevant factor in that determination. *Guggenheim,* 77 N.Y.2d at 321. The *Guggenheim* balancing test has been consistently applied ever since by both New York state and federal courts. *See, e.g., In re Flamenbaum,* 95 A.D.3d 1318 (2d Dep't 2012), *aff'd*, 22 N.Y.3d 962 (2013); *U.S. v. Portrait of Wally*, 2002 WL 553532 (S.D.N.Y. April 12, 2002).

We ask that the Court clarify its Order to ensure that, in applying the *Guggenheim* test to the issue of laches here, all factors concerning the conduct of both parties will have to be weighed to determine which party the equities favor; in making that analysis, it is appropriate and necessary to look at whether there were "red flags" that may have warranted an investigation; and, in particular, whether the good faith purchaser did or did not investigate under the specific circumstances of the case is a relevant factor.

Plaintiff submits that in assessing the equities under the *Guggenheim* balancing test, admissions made by Defendant Michael Steinhardt in his deposition in *United States v. An Antique Platter of Gold*, 991 F. Supp. 222 (S.D.N.Y. 1997), *aff'd*, 184 F.3d 131 (2d Cir. 1999) are especially relevant and, for that purpose only, request the Court's leave to offer limited portions of Mr. Steinhardt's 1996 deposition transcript in that case (PTX 148). Those portions concern only Mr. Steinhardt's understanding in 1993 of Turkish patrimony laws and his knowledge of the issues implicated in the Lydian Hoard litigation *Republic of Turkey v. Metropolitan Museum of Art*, 762 F. Supp. 44 (S.D.N.Y. 1990), both of which implicate the sort of warnings or red flags contemplated by *Guggenheim*. So too, we submit that admissions by Steinhardt in the instant matter, suggesting that he knew of "red flags" that would have triggered the need for an investigation on his part into the provenance, are equally relevant to a proper *Guggenheim* analysis. These admissions are not offered as evidence of bad faith or unclean hands (and we represent to the Court that they are not being offered as such), but only to prove that Mr. Steinhardt was required to investigate the questionable provenance.

Finally, we also wish to clarify that in determining whether Defendant Steinhardt was prejudiced by the alleged delay by Turkey in bringing its claim – and, we submit, he was not – his admissions that he was willing to take the risk that objects he purchased might be the subject of claims by foreign sovereigns and that he did not care about the provenance of antiquities he acquired (and like admissions) should be admissible to show that he would have taken his chances and bought the Idol even if he had known that it was looted from Turkey. We respectfully request that the

The Honorable Alison J. Nathan
United States District Court (S.D.N.Y.)
March 26, 2021
Page 3

Court admit these statements for the limited purpose of demonstrating that he was not prejudiced. Again, these admissions are not being offered as evidence of bad faith or unclean hands.

We trust that Defendants agree with the clarifications we seek; for Defendants' counsel, at the Pretrial Conference, expressly invoked the *Guggenheim* test as the proper standard to be used in resolving the laches issue here: "…the laches defense relates entirely to what you do, and we've seen that the court has quoted from a Lubell case." (Transcript of Pretrial Conference dated March 18, 2021 at 56:22-24)

Indeed, Your Honor referred to the *Guggenheim* test in your prior decision on the discovery motion by the unsuccessful bidder, in which the Your Honor noted:

> Putting aside the ultimate merits of any vigilance argument, the Republic is correct that some cases have held that the vigilance of a defendant can be relevant to the availability of a laches defense. *See Solomon R. Guggenheim Found. v. Lubell*, 153 A.D.2d 143, 152 (N.Y. App. Div. 1st Dep't 1990), aff'd, 77 N.Y.2d 311, (1991) ("We comment on this argument only to point up that defendant's vigilance is as much in issue as plaintiffs diligence, which is another reason why we characterize the defense urged here as laches. The reasonableness of both parties must be considered and weighed.").

*Republic of Turkey v. Christie's Inc. et al.*, 2017 WL 3206334 (S.D.N.Y. July 26, 2017).

For the foregoing reasons, we respectfully request that the Court clarify its decision as to the matters set forth above.

Respectfully submitted,

s/ Lawrence M. Kaye

Lawrence M. Kaye
*Counsel for Plaintiff Republic of Turkey*

cc:   All Counsel of Record via ECF

> Defendants are hereby ORDERED to respond by March 30, 2021. Going forward, both sides must meet and confer before submitting applications to the Court, and they shall confirm that the meet and confer occurred in the filing. Furthermore, the Court requests that any filings longer than one page be double-spaced.
> SO ORDERED.
>
> 3/29/21
> *[signature]*
> SO ORDERED.
> ALISON J. NATHAN, U.S.D.J.