UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Republic of Turkey,

                Plaintiff,

      –v–

Christie's Inc., et al.,

                Defendants.

17-cv-3086 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is the Republic of Turkey's eleventh-hour motion to stay enforcement of the Court's Judgment dated September 7, 2021, pending Plaintiff's appeal to the U.S. Court of Appeals for the Second Circuit. Dkt. Nos. 475, 476. Defendants oppose Plaintiff's motion. Dkt. No. 481. The automatic stay of the Court's Judgment expires October 7, 2021. Because the application was filed at 5:48pm on Friday, October 1, there has been limited time for full briefing and consideration. Nevertheless, for the foregoing reasons, the Court DENIES Plaintiff's motion to stay enforcement pending appeal. However, in order to give the Second Circuit time to resolve a stay request in an orderly fashion, the Court GRANTS a stay of enforcement pending resolution of a motion for similar relief by the Court of Appeals.

    **I.    DISCUSSION**

    To decide whether to grant a stay pending appeal, the Court is guided by the familiar four-factor test: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009)

1

(cleaned up). "The Supreme Court has held that the first two factors—likelihood of success on the merits and irreparable harm—'are the most critical.'" *Floyd v. City of New York*, 959 F. Supp. 2d 691, 694 (S.D.N.Y. 2013) (quoting *Nken*, 556 U.S. at 434). Moreover, a "stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433 (cleaned up). The party seeking a stay bears the "heavy burden of demonstrating that a stay is warranted." *New York v. Trump*, 490 F. Supp. 3d 736, 741 (S.D.N.Y. 2020) (three-judge court) (per curiam). The Court addresses each factor in turn, finding Turkey fails to carry this "heavy burden."

### A. Likelihood of Success on Appeal

The Court concludes that Turkey fails to make the requisite "strong showing" that it is likely to succeed on the merits. The parties agree that for Turkey to show a likelihood of success on appeal, it must establish that there are "serious questions going to the merits of the present dispute and . . . that the balance of hardships tips *decidedly* in its favor." *In re A2P SMS Antitrust Litig.*, No. 12-cv-2656 (AJN), 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014); *see also* Dkt. No 481 at 8. Each of Turkey's arguments fail to establish that there are "serious questions" on appeal.

First, Turkey argues that this Court failed to properly apply New York law in determining whether Turkey had met its initial burden to prove that the Idol was excavated post-1906. In its post-trial proposed findings of fact and conclusions of law, Turkey agreed that it bore the initial "burden of showing, by a preponderance of the evidence, that it is lawfully entitled to possess the Idol and that Defendants have unlawfully withheld it." Dkt. No. 468 at 38 (citing *Abbott Labs. v. Feinberg,* Nos. 18 Civ. 8468, 19 Civ. 600, 2020 WL 7239617, at *2 (S.D.N.Y. Dec. 9, 2020)).

2

Perhaps in an attempt to diminish the weight of its burden, Turkey emphasizes that this is a "threshold," "*prima facie*" showing requiring an "arguable claim" to the Idol. Dkt. No. 479 at 12–13. But an initial burden is still a burden, and one that this Court found Turkey failed to meet after carefully considering the substantial record. That Turkey takes issue with this Court's weighing of the evidence does not present a "serious question" on appeal. *See In re Citibank August 11, 2020 Wire Transfers*, No. 20 Civ. 6539 (JMF), 2021 WL 1905002, at *3–4 (S.D.N.Y. May 12, 2021).

Indeed, Turkey's arguments on this score merely ask the Court to reweigh its findings from the bench trial. For example, Turkey argues that its expert testimony establishing that the Idol was found in Turkey is sufficient to make a "threshold showing" that the Idol was removed some time after 1906. Dkt. No. 479 at 13. Based on the evidence at trial, the Court considered and rejected this same argument in its Opinion—the Idol's origination in Turkey sheds no light on the key question of *when* it was removed from Turkey. *See Republic of Turkey v. Christie's, Inc.*, No. 17-cv-3086 (AJN), 2021 WL 4060357, at *6 (S.D.N.Y. Sept. 7, 2021). Turkey also faults the Court for crediting Defendants' evidence that other Kiliya-type figurines were removed from Turkey pre-1906 without generating significant attention among scholars or collectors of antiquities. Such re-argument of credibility determinations and factual findings are insufficient to demonstrate that there are serious questions going to the merits or a likelihood of success. *See In re Citibank August 11, 2020 Wire Transfers*, 2021 WL 1905002, at *3–4. Because the Court's factual findings establish that Turkey failed to shoulder its initial burden, Turkey does not present a "serious question" on appeal.

Second, Turkey's argument that the Court's failure to "expressly rule on Plaintiff's motion *in limine* or the admissibility" of Dr. Anderson's testimony warrants *de novo* review by

3

the Court of Appeals and presents a "serious question" on appeal is similarly unavailing. *See* Dkt. No. 429 at 15–16. First, a trial court need not explicitly rule on a motion *in limine* in order to perform its *Daubert* gatekeeping duty—explicit credibility determinations, as the Court performed here, are sufficient to satisfy Federal Rule of Evidence 702. *See Ferrostaal, Inc. v. M/V Tupungato*, 230 F. App'x 11, 13–14 (2d Cir. 2007). Second, it is well established that district courts enjoy broad discretion in deciding to admit expert testimony—such a decision is only overturned when "manifestly erroneous." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir. 1995). Here, the Court expressly credited the testimony of Dr. Anderson as credible and persuasive. *See Republic of Turkey*, 2021 WL 4060357, at *6–7. Accordingly, the Court plainly determined that the testimony passed substantially over the *Daubert* gatekeeping hurdle. Turkey fails to establish that the Court's admission of Dr. Anderson's testimony presents a "serious question" on appeal.

Finally, Turkey argues that this Court's treatment of Defendants' laches defense is a "serious question." Based on factual findings, the Court determined that laches is an independent and alternative basis for judgment in favor of Defendants. But on laches too, Turkey only raises arguments that this Court previously rejected. *See* Dkt. No. 479 at 16–19. In particular, Plaintiff argues the Court of Appeals is "likely" to accept its argument that Steinhardt had a duty to investigate even as an ordinary purchaser. Dkt. No. 479 at 16–17. The Court disagrees. Courts in this district have held that an ordinary non-merchant purchaser has no obligation to investigate. *See Bakalar v. Vavra*, 819 F. Supp. 2d 293, 306 (S.D.N.Y. 2011), *aff'd*, 500 F. App'x 6 (2d Cir. 2012) (summary order); *Graffman v. Doe*, No. 96 Civ. 8247 (SWK), 1998 WL 55371, at *6 & n.2 (S.D.N.Y. Feb. 11, 1998), *aff'd*, 201 F.3d 431 (2d Cir. 1999) (unpublished). In any event, the Court found that Steinhardt did sufficiently investigate.

*See Republic of Turkey*, 2021 WL 4060357, at *11–12.  Nor does the Court's exclusion of "other acts" evidence—which was carefully considered after extensive argument and briefing and will be reviewed for abuse of discretion—raise a serious question on appeal.  *See* Dkt. No. 417; *see also* March 18, 2021 Tr. at 42–59.

Each of Turkey's arguments fail to raise a "serious question going to the merits of the dispute" and are insufficient to shoulder its heavy burden on a motion to stay.  *See In re Citibank August 11, 2020 Wire Transfers*, 2021 WL 1905002, at *3–4.  Accordingly, Turkey fails to establish a likelihood of success on the merits, and the Court denies its motion to stay the Judgment pending appeal on that basis.

### B. Irreparable Harm

The Court also concludes for the reasons stated in Defendants' Opposition that Turkey has not established imminent irreparable harm.  First, in opposing the stay application, Defendants state expressly that because the Idol is named as a defendant-in-rem, it is not subject to dissipation nor sale outside the jurisdiction of this Court.  Dkt. No. 481 at 6–7.  Second, there is no basis for concluding any harm is imminent as Turkey has not suggested that there is an immediate or pending sale and Defendants state that none is planned.  *See* Dkt. No. 481 at 10; *see also SEC v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2003) (noting the harm must be "truly imminent and not mere possible injury, or remote and speculative injury").[1]

### C. Public Interest

Because orderly resolution of cultural property rights presents an important public interest, the Court concludes that this final factor weighs in favor of a stay pending appeal. However, the "Supreme Court has held that the first two factors—likelihood of success on the

---

[1] Defendants do not argue that they would be substantially injured by the issuance of a stay.

merits and irreparable harm—'are the most critical.'" *Floyd*, 959 F. Supp. 2d at 694 (quoting *Nken*, 556 U.S. at 434). Moreover, a "stay in not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433. Because Plaintiff fails to carry its burden to establish that there are "serious questions" on appeal and that it would suffer irreparable harm absent a stay, this final factor is insufficient to grant the eleventh-hour relief Plaintiff seeks.

In the alternative, Plaintiff requests that this court grant a temporary stay to allow Plaintiff to move for similar relief in the Court of Appeals under Federal Rule of Appellate Procedure 8(a). Here, Turkey filed its request for a stay within days of the expiration of the automatic stay, leaving little time for briefing or opportunity for this Court to resolve the request. The Court concludes that a temporary stay serves the public interest of judicial economy by allowing the Court of Appeals adequate time to consider Plaintiff's request for emergency relief in an orderly fashion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The Court therefore GRANTS the request to stay pending resolution of Plaintiff's motion for similar relief to the Court of Appeals. However, Plaintiff must seek that relief promptly and move for a stay from the Second Circuit **within the next seven days**. If Plaintiff does not seek relief from the Court of Appeals within the next seven days, the Court will lift the stay of its Judgment.[2]

II.     CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to stay the Judgment pending appeal. The Court GRANTS Plaintiff's request in the alternative that this Court grant a temporary stay to allow Plaintiff to move for similar relief in the Court of Appeals under Federal Rule of Appellate Procedure 8(a) and for resolution of that stay motion by the Court of Appeals. As stated above, Plaintiff must seek that relief promptly and move for a stay from the Second

---

[2] Because the stay pending appeal is denied, the Court does not consider Defendants' request for a bond.

6

Circuit **within the next seven days**.  Assuming Plaintiff does so, the stay will remain in effect pending a ruling on that motion.  If Plaintiff does not seek relief from the Court of Appeals within the next seven days, the Court will lift the stay of its Judgment on October 13, 2021.

    SO ORDERED.

Dated: October 6, 2021
       New York, New York

                                       ALISON J. NATHAN
                                       United States District Judge